UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SUSAN KWON, | ) |
| | ) |
| CONSTANCE CATHCART, and | ) |
| | ) |
| SHARON CATHCART, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Case No. |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| JOSHUA SADLER, in his individual and official capacities, | ) |
| | ) |
| CHRISTOPHER CALLENDER, in his individual and official capacities, | ) |
| | ) |
| TIMOTHY COOK, in his individual and official capacities, | ) |
| | ) |
| HERMAN REISER, and | ) |
| | ) |
| TERRE DU LAC ASSOCIATION, INC., a Missouri Nonprofit Corporation, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs Susan "Suzi" Kwon, Constance "Connie" Cathcart and Sharon Cathcart, for their complaint against Timothy Cook, Christopher Callender, Joshua Sadler, Herman Reiser and Terre du Lac Association, Inc. (Association), state:

### Introduction

1. This case seeks justice for three women, ages 59, 59 and 68, who were unlawfully arrested, handcuffed, transported 15 miles away to a county jail, booked and

confined for several hours until they were released by more responsible law enforcement officials without charges being filed.

2. For several months leading to these unlawful acts, a controversy had been brewing in the private Terre du Lac subdivision, a development containing thousands of homes and lots in northern St. Francois County and Washington County, Missouri. Multiple Terre du Lac Association property owners (home and lot owners) had been aligning politically with one side or another, and the individual defendants in this case—three private security officers employed by the Association and a homeowner—considered the three women who are plaintiffs in this case to be aligned with the wrong side of the Association dispute.

3. Suzi Kwon, who, on and off for several years, has volunteered on the Events Committee for the Association, had recruited Connie, Sharon and several other women to help organize the Association's Fourth of July parade. For many years, this committee had met in the board room at the Association, as did the Finance Committee and other committees of the Association. On June 6, several hours after notifying Association officials of her intent to do so, Suzi convened four committee volunteers for the meeting in the boardroom. Upon arrival, as a courtesy, she asked for and obtained permission of the Association staff to use the board room.

4. Everything went smoothly for about half an hour. Then Herman Reiser, a homeowner with no official status, heard about the meeting. He sprang into action, drove to the Association building, burst through the door to the board room and demanded the four women leave. He accused at least one of the women of being aligned with a board member he opposed. When the women did not leave, Reiser enlisted the support of two security officers, "Senior Officer" Joshua Sadler and "Captain" Christopher Callender, who, under the direct

supervision of "Chief" Timothy Cook, proceeded to accost the three women who are plaintiffs herein and arrest them. In doing so, they injured Sharon, causing her wrists to bleed, requiring administration of medical help. They transported one of the women, while handcuffed, to the county jail, and chained the other two women to a metal bench in their security guard office for hours while they awaited transport, also while handcuffed, to the county jail. All three then had to wait for several more hours for their release by St. Francois County law enforcement officials. No charges were issued and no bond was required.

5. The three women who are bringing this case are seeking to vindicate the rights of themselves and others not to be the subject of police misconduct animated by political passion. The defendants in this case assaulted, battered, arrested and confined three innocent women without a warrant and without any other legal cause.

**Parties and Jurisdiction**

6. Plaintiff Susan "Suzi" Kwon is a resident of St. Francois County, Missouri.

7. Plaintiff Constance "Connie" Cathcart is a resident of St. Francois County, Missouri.

8. Plaintiff Sharon Cathcart is a resident of St. Francois County, Missouri.

9. Defendant Joshua Sadler is a resident of St. Francois County, Missouri. He is a "Senior Officer" in the Terre du Lac Police Department. He is sued individually and in his official capacity. At all times relevant to this complaint, he acted under color of law.

10. Defendant Christopher Callender is a resident of St. Francois County, Missouri. He is a "Captain" in the Terre du Lac Police Department. He is sued individually and in his official capacity. At all times relevant to this complaint, he acted under color of law.

11. Defendant Timothy Cook is a resident of Washington County, Missouri. He is "Chief of Police" of the Terre du Lac Police Department. He is sued individually and in his official capacity. At all times relevant to this complaint, he acted under color of law.

12. Defendant Herman Reiser is a resident of St. Francois County, Missouri. At all times relevant to this complaint, he was jointly engaged and in coordination, concert and conspiracy with the other defendants to deprive Plaintiffs of their constitutional and other legal rights as stated herein.

13. Defendant Terre du Lac Association, Inc. is a Missouri corporation. Its principal place of business is located at 111 Rue Terre Bonne, Bonne Terre, St. Francois County, Missouri 63628. The Terre du Lac Police Department is part of Terre du Lac Association, Inc. At all times relevant hereto, Defendants Sadler, Callender and Cook were employed by Defendant Terre du Lac Association, Inc., and acting within the course and scope of their employment.

14. The facts which give rise to this complaint occurred in St. Francois County, Missouri.

15. Plaintiffs seek redress for federal constitutional violations pursuant to 42 U.S.C. 1983. This Court has jurisdiction pursuant to 28 U.S.C. 1331 and 1343(3).

16. This Court has supplemental jurisdiction to grant relief on state-law claims pursuant to 28 U.S.C. 1367.

**Factual History**

17. Plaintiff Susan "Suzi" Kwon obtained her Bachelor of Science in Electrical Engineering from the University of Illinois in 1982. She was thereafter employed by Hewlett-Packard for seven years, and Motorola for two years, after which she operated her own technology consulting business for 17 years. She moved from California to Missouri, and in

2014 became vice-president of Terre du Lac, Inc., a real estate development company, where she remained until August 2017. From July 2018 to the present, she has been the managing partner in Terre du Lac Homes, LLC. For the last five years while she was in California, she served as a court mediator in Santa Clara County, part of the Bay Area near San Francisco.

18. Plaintiff Constance "Connie" Cathcart obtained her Bachelor of Science in Accounting from California State University, Northridge in 1996 and her Master's degree in Public Administration from California State University, Northridge in 1999. She owned and operated her own Accounting, Insurance, Real Estate and Loan originating business in Southern California from 1996 until she retired and moved to Missouri in 2008.

19. Plaintiff Sharon Cathcart was employed by Warner Elektra Atlantic (a division of Warner Brothers) as a systems manager from 1979 until she retired in 1996. She moved from California to Missouri in 2008.

20. In the months prior to the unlawful arrests of Plaintiffs on June 6, 2019, controversies had arisen as to the composition and actions of the board charged with governing Defendant Terre du Lac Association, Inc. The individual defendants herein, Sadler, Callender, Cook and Reiser, have for several months perceived that the plaintiffs herein, Suzi Kwon, Connie Cathcart and Sharon Cathcart, have been aligned with board members and others that they, the individual defendants herein, oppose. The individual defendants herein were accordingly possessed of an animus toward the plaintiffs herein prior to and at the time of their unlawful arrest on June 6, 2019, and their actions against the plaintiffs were motivated by that animus.

21. Suzi Kwon has for multiple years been active on the Events Committee for the Terre du Lac Association. Suzi was Chairperson of the Board-appointed Community

Improvement Committee for two years. As with other Terre du Lac Association committees, such as the Finance Committee, the Events Committee had met in what is known as the board room situated next to the offices of the Terre du Lac Association, Inc. at 111 Rue Terre Bonne. Dozens of such meetings had occurred without the presence of an Association board member or employee, or other person authorized by any regulation or state statute.

22. On the morning of June 6, 2019, Plaintiff Suzi Kwon communicated electronically with two Association board members, Adam Hector and Mike Miller, stating her intention to convene the Events Committee meeting at the Association board room, where the Events Committee meetings were normally held. In the early afternoon, Plaintiffs Suzi Kwon, Connie Cathcart and Sharon Cathcart, along with Debra Whitener, another Association member whose husband had been president of the Association board several years prior, arrived at the Association offices and, as a courtesy, asked the staff there if it would be alright for them to use the board room. Tammy Reeves, an employee of the association, stated her approval and said she needed only to remove some papers from the table.

23. The four women entered the board room, as the committee always had, and proceeded to draw up plans for the Terre du Lac Fourth of July parade.

24. After about 30 minutes, Defendant Herman Reiser, a Terre du Lac resident who at all relevant times has had no official capacity with the Terre du Lac Association, Inc., opened the door and barged into the room. He told the four women that they were not supposed to be in the building behind locked doors where there was financial information. He further threatened that if they did not leave, he was going to call the police. Suzi Kwon responded by asking Reiser if he wanted to join the committee.

25. Soon thereafter, Defendant Sadler entered the room. Suzi Kwon asked Sadler if the door had been locked. He said, "No ma'am, it was not."

26. Defendant Callender then entered the room, and directed that all four women had to leave the building. When asked why, he responded that "it does not matter why" and refused to give an explanation. The conversation got heated. Of the four women gathered for the Fourth of July planning meeting, Debra Whitener left, but the other three, the plaintiffs herein, did not leave and were then forcefully arrested and handcuffed.

27. One of the volunteers, Plaintiff Sharon Cathcart, 68 years old, repeatedly told Callender that she was leaving. He responded, "You had plenty of chances before," and roughly cuffed her, squeezing the cuff too tight. She recoiled in pain and ended up on the ground, where Callender attached the other cuff. Another volunteer, Plaintiff Connie Cathcart, had just had major shoulder surgery, and she pulled her arm back, saying "Stop." Callender responded by roughly grabbing her arm to cuff her. She was in pain. Defendants Callender and Sadler then dragged her down the stairs to the police station.

28. After all three—Suzi, Connie and Sharon—were taken downstairs to the Terre du Lac police station, Connie was taken to one room where she remained for about an hour before she was transported, handcuffed, to the St. Francis County jail in Farmington, more than 15 miles away. Suzi and Sharon were chained to a metal bench in the Terre du Lac police department for about two hours, prior to also being transported to the jail in Farmington.

29. While still at the Terre du Lac police station, Suzi and Sharon asked multiple times for water, but Callender refused. Medical attention was requested multiple times as Sharon's wrist continued to bleed. At one point, a wet paper towel and a dry paper towel were provided. Suzi requested that Sharon's "wound needs to be cleaned and bandaged to stop the

7

bleeding." Callendar ignored the requests. Suzi could not leave the bench, so she extended her foot far enough to kick the door two times. The officers did not respond, so she called out, "She [Sharon Cathcart] needs medical attention, she's still bleeding!"  After two more kicks against the door, Callender opened it and asked if Sharon needed an ambulance. Suzi said she just needed the wound cleaned and dressed with a bandage to stop the bleeding. Callender said they did not have those supplies. After more bleeding, an ambulance was requested. Someone came and used saline on the bleeding wound and bandaged both wrists, at which point Sharon said she did not need an ambulance. Suzi requested water multiple times, but Callender ignored her.

30. When the women arrived at the St. Francois County jail, they were told they would be held for 24 hours. The sheriffs at the jail were courteous and respectful as the women were being processed. Their handcuffs were removed and they walked about freely, following instructions given to them, prior to being placed in a cell. They were provided food and water.

31. After several hours, Suzi, Connie and Sharon were released by St. Francois County authorities without being charged and without having to post bond.

32. The arrests made of the three women by Callender, Sadler and Cook were without a warrant and without probable cause to believe a crime had occurred or was about to occur.

33. Defendants lacked legal authority to order Plaintiffs to leave the property where they were arrested.

34. No one with legal authority to do so ordered Plaintiffs to leave the property where they were arrested.

35. Defendants lacked the legal authority to detain, handcuff, search, arrest, forcibly transport and confine Plaintiffs.

36. Defendants' unlawful actions have caused Plaintiffs to be damaged in the form

8

of humiliation, embarrassment, mental anguish, harm to their reputations, and negative references in their arrest records. Defendants' unlawful actions have subjected Plaintiffs to ridicule and unwanted negative exposure in the news media and social media. Defendants' unlawful actions were an unwarranted attack on Plaintiffs' dignity.

## FEDERAL CLAIMS

### COUNT I
### Fourth Amendment
### Unreasonable Searches and Seizures

37. Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint, as if fully set forth in this Count.

38. Plaintiffs' constitutional rights to be free from unreasonable searches and seizures under the Fourth Amendment of the United States Constitution, as applied under the Fourteenth Amendment, were violated when they were wrongfully detained, handcuffed, searched, arrested, forcibly transported and confined.

39. The actions of the defendant officers, who hold commissions as county sheriff deputies, constituted state action at all times relevant herein.

40. In committing these acts of unlawful search and seizure, Defendants acted jointly and in concert and conspiracy with each other, and thereby acted under color of state law to deprive Plaintiffs of constitutionally-protected rights under the Fourth Amendment, as applied under the Fourteenth Amendment, to be free from unreasonable searches and seizures.

41. The actions of the defendant officers were the actions of Defendant Terre du Lac Association, Inc. These actions were taken pursuant to the policy of Defendant Terre du Lac Association, Inc., and the policy of Defendant Terre du Lac Association, Inc., was the cause of the actions taken by the defendant officers. The policy of the Defendant Terre du Lac

Association, Inc., was that Plaintiffs be deprived of their constitutional rights and that the defendant officers undertake their unlawful actions against Plaintiffs as stated herein on and about June 6, 2019.

42. Defendant Herman Reiser is a state actor for purposes of this case by reason of the fact that he was jointly engaged and in coordination, concert and conspiracy with the other defendants to deprive Plaintiffs of their constitutional rights as stated herein.

43. As a direct and proximate result of the violations of their Fourth Amendment rights by Defendants, Plaintiffs suffered damages and are entitled to relief under 42 U.S.C 1983.

44. The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive and exemplary damages should be imposed in an amount commensurate with the wrongful acts alleged above.

## COUNT II
### Fourteenth Amendment
### Due Process of Law

45. Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint, as if fully set forth in this Count.

46. Plaintiffs' constitutional rights to be free from deprivations of their liberty and property interests without due process of law under the Fourteenth Amendment of the United States Constitution were violated when they were wrongfully detained, handcuffed, searched, arrested, forcibly transported and confined. No emergency existed to justify these acts.

47. The actions of the defendant officers, who hold commissions as county sheriff deputies, constituted state action at all times relevant herein.

48. In committing these acts, Defendants acted jointly and in concert and

conspiracy with each other, and thereby acted under color of state law to deprive Plaintiffs of constitutionally-protected rights under the Fourteenth Amendment to be free from deprivations of their liberty and property interests without due process of law.

49. The actions of the defendant officers were the actions of Defendant Terre du Lac Association, Inc. These actions were taken pursuant to the policy of Defendant Terre du Lac Association, Inc., and the policy of Defendant Terre du Lac Association, Inc., was the cause of the actions taken by the defendant officers. The policy of the Defendant Terre du Lac Association, Inc., was that Plaintiffs be deprived of their constitutional rights and that the defendant officers undertake their unlawful actions against Plaintiffs as stated herein on and about June 6, 2019.

50. Defendant Herman Reiser is a state actor for purposes of this case by reason of the fact that he was jointly engaged and in coordination, concert and conspiracy with the other defendants to deprive Plaintiffs of their constitutional rights as stated herein.

51. As a direct and proximate result of the violations of their Fourteenth Amendment rights by Defendants, Plaintiffs suffered damages and are entitled to relief under 42 U.S.C 1983.

52. The conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive and exemplary damages should be imposed in an amount commensurate with the wrongful acts alleged above.

### STATE LAW CLAIM

### COUNT III
### False Imprisonment

53. Plaintiffs reallege and incorporate by reference all preceding paragraphs of this Complaint, as if fully set forth in this Count.

54. Defendants Callender and Sadler confined Plaintiffs without a warrant and without legal justification. In doing so, Defendants Callender and Sadler were acting within the course and scope of their employment, and therefore Defendant Terre du Lac Association, Inc., their employer, is liable to Plaintiffs under the doctrine of *respondeat superior*.

55. Defendants Callender and Sadler were at all times acting under the direction and control of Defendant Cook.

56. Defendant Reiser encouraged, caused, promoted and instigated the unlawful confinement of Plaintiffs.

57. The conduct of Defendants was outrageous, intentional, willful, wanton, and/or malicious, and otherwise showed a complete indifference to or a conscious disregard of the rights of Plaintiffs, such that punitive and/or exemplary damages are appropriate and warranted.

## **PRAYER FOR RELIEF**

Wherefore, the Plaintiffs request that the Court:

a. Award Plaintiffs actual and compensatory damages from Defendants, jointly and severally;

b. Award Plaintiffs punitive and exemplary damages as allowed by law;

c. Award Plaintiffs the costs of this action, as well as reasonable attorney fees and expert witness fees pursuant to 42 U.S.C. 1988, and as otherwise provided by law; and

d. Award such other and further relief as the Court deems proper and just.

        OTTSEN, LEGGAT AND BELZ, L.C.

        <u>/s/ J. Matthew Belz</u>
        J. Matthew Belz #MO-61088
        112 South Hanley, Second Floor
        St. Louis, Missouri 63105-3418
        Phone: (314) 726-2800
        Facsimile: (314) 863-3821
        jmbelz@olblaw.com

        Attorney for Plaintiffs Susan Kwon,
        Constance Cathcart and Sharon Cathcart